UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:16-cv-01351-JSM-AEP

KATHY SORIANO,

       Plaintiff,

vs.

C&N MANAGEMENT, INC., and
ACAPULCO MEXICAN GROCERY, INC,

       Defendants.
_____/

## FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS

THIS CAUSE came before the Court on the Plaintiff's Motion for Entry of Judgment After Default (Doc. No. 19), and the Court having considered the motion, having reviewed the pleadings, papers and supporting declaration filed herein, being otherwise duly advised in the premises, it is hereby

FOUND, ORDERED AND ADJUDGED as follows:

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, for Plaintiff's claims arising under 28 U.S.C. §12181, *et seq.*, based upon Defendants' violation of Title III of 42 U.S.C. §§ 12182, *et seq.*

2. Defendants are the owners, operators, lessors and/or lessees of the real property and improvements which are the subject of this action (hereinafter, the "Facility").

3. Defendants have discriminated against the Plaintiff, who is an individual with a disability, by denying full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the subject Facility as provided by 42 U.S.C. §§12182, *et seq.*, and by failing

1

to remove architectural barriers and thereby providing Plaintiff appropriate access to the subject Facility, as required by 42 U.S.C. §12182(b)(2)(A)(iv). Specifically, the Court finds that all of the alleged barriers to access identified in the Complaint shall be removed and remediated, in accordance with the ADA 2010 Standards. The alleged barriers are as follows:

a. There are an insufficient amount of accessible parking spaces. 2010 Standards sections 208.2 and 502 and Table 208.2.

b. Parking spaces designated as accessible are not, in fact, accessible. 2010 Standards sections 208 and 502.

c. There is not an accessible route throughout the site and facility. 2010 Standards sections 206 and 402.

d. There is not a properly designed and sloped ramp from the parking area to the Facility. 2010 Standards sections 208, 405 and 406.

e. There are doors that are inaccessible. 2010 Standards sections 206.5 and 404.

f. Self-service shelves and dispensers are inaccessible. 2010 Standards sections 904.5.1 and 308.

g. At least 5% of the tables and counters are not compliant. 2010 Standards sections 226 and 902.

h. There are restrooms that are inaccessible. 2010 Standards sections 213 and 603.

i. The restrooms lack sufficient clear floor space, maneuvering clearance and turning space. 2010 Standards sections 213 and 603.

j. The water closets are inaccessible. 2010 Standards sections 213, 603 and 604.

k. There are no accessible grab bars.

l. The toilet paper dispensers are inaccessible.

m. The lavatories are inaccessible. 2010 Standards sections 213, 603 and 606.

n. The water lines and drain pipes are not insulated.

o. The paper towel dispensers are not accessible.

p. There are designated accessible parking spaces with access aisles that do not lead to an accessible route due to a vertical change in level, in violation of Section 502.3 and 403.4 of the 2010 Standards, which remedy is readily achievable

q. There is not at least one accessible route from the designated accessible parking to the facility entrance they serve, violating Section 206.2.1 of the 2010 Standards, which remedy is readily achievable.

r. There is not continuous path of travel connecting all essential elements of the facility, violating Section 206.2.2 of the 2010 Standards, which remedy is readily achievable.

s. The entrance to the facility does not provide compliant directional and informational signage, nor does it have the International Symbol of Accessibility, pursuant to Sections 216.6 and 703.7.2.1 of the 2010 Standards, which remedy is readily achievable.

t. There are built up curb ramps at this facility that have running slopes exceeding the maximum allowance of 1:12, violating Section 405.2 of the 2010 Standards, which remedy is readily achievable.

u. There are built up curb ramps at this facility that have side flare slopes exceeding the maximum allowance of 1:10, violating Section 406.3 of the 2010 Standards, which remedy is readily achievable.

v. The benches located on the walkway reduces the clear width of the accessible route to be less than the prescribed minimum of 36" pursuant to Section 403.5.1 of the 2010 ADA Standards, whose remedy is readily achievable.

w. There are self-service shelves and dispensers located above the maximum reach range allowance, in violation of Sections 904.5.1 and 308 of the 2010 Standards, which remedy is readily achievable.

x. The height of the deli service counter exceeds the maximum height allowance of 36" above the finished floor, violating Sections 904.4.1 of the 2010 Standards, which remedy is readily achievable.

y. The restaurant located within the grocery store has dining tables that do not provide the required toe and knee clearance, violating Section 902.2 of the 2010 Standards, which remedy is readily achievable.

z. The height of the bar counter located in the restaurant section of the grocery store exceeds the maximum height allowance of 34" above the finished floor, without an alternate lower counter space or tables for a wheelchair user; in violation of Section 902.2 of the 2010 Standards, which remedy is readily achievable.

aa. There is less than the prescribed minimum 36" of clear width between the merchandise aisles throughout the store, as well as, between the dining tables in the restaurant section of the facility, violating Section 403.5.1 of the 2010 Standards, which remedy is readily achievable.

bb. The Women's restroom door does not provide the required 18" of latch side maneuvering clearance to exit the room due to the trash receptacle, violating Section 404.2.4 of the 2010 Standards, which remedy is readily achievable.

cc. The restroom entrance door has door hardware that requires tight grasping, pinching and twisting of the wrist to operate, violating Section 404.2.7 of the 2010 Standards, which remedy is readily achievable.

dd. The lavatory faucet controls require tight grasping, pinching and twisting of the wrist to operate, in violation of Sections 606.4 and 309.4 of the 2010 Standards, which remedy is readily achievable.

ee. The lavatory in the Men's restroom does not provide compliant toe and knee clearance due to the support leg, violating Sections 606.2 and 306 of the 2010 Standards, which remedy is readily achievable.

ff. The waterlines and drain pipes under the lavatories are not insulated or otherwise configured to protect against contact, in violation of Section 606.5 of the 2010 Standards, which remedy is readily achievable.

gg. The paper towel dispensers in the restrooms are mounted above the maximum reach range allowance, violating Sections 308 and 606.1 of the 2010 Standards, which remedy is readily achievable.

hh. The paper towel dispensers require tight grasping and pinching to operate, violating Section 309.4 of the 2010 Standards, which remedy is readily achievable.

ii. The trash receptacle and shelving unit obstructs the minimum clearance around the water closets, in violation of Section 604.3.1 of the 2010 Standards, which remedy is readily achievable.

jj. There are no grab bars provided on the side-wall or back wall of the water closet in the Women's restroom, violating Section 604.5.1 and 604.5.2 of the 2010 Standards, which remedy is readily achievable.

kk. The Men's restroom water closet flush control is not mounted on the open side of water closet area as required, violating Sections 806.2.4 and 604.6 of the 2010 Standards, which remedy is readily achievable.

    ll. The toilet paper dispensers are not mounted 7" minimum to 9" maximum in front of the toilet to the centerline of the dispenser as required in Section 604.7 of the 2010 Standards, which remedy is readily achievable.

4. Defendants shall have six (6) months from the date that this Final Default Judgment is served on Defendants to complete the remediation to the Facility required hereby. Upon completion, Defendants shall file a verified certificate of completion with the Court acknowledging that all work has been completed. The time period for completion by Defendants shall be subject to acts of God, *force majeure*, or events beyond the control of Defendants such as inability to obtain building or zoning permits, failure of the city/ county inspectors to make inspections, contractor defaults or work stoppages. In the event of such unforeseen circumstances, the time period for completion of the barrier removal, alterations and modifications provided in Paragraph 1 will be extended by the number of days reasonably attributable to such delay-causing event as long as Defendants immediately file a motion with the Court for an extension of time, before the expiration of the deadline to comply, and provides written notice to Plaintiff, which includes the specific reasons for the delay, the estimated time for completion and Defendants make a good faith effort to effect implementation as soon as reasonably possible thereafter.

5. The Court finds that Plaintiff is the prevailing party, and that Plaintiff is therefore entitled to recover Plaintiff's reasonable attorneys' fees, litigation expenses and costs from Defendants, and this Court retains jurisdiction for the determination and award thereof.

6. Plaintiff shall serve Defendants with this Final Default Judgment within thirty (30) days of the entry of this Final Default Judgment, and shall promptly file proof of service with the Court.

7. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

ORDERED this 3 day of April, 2017.

_____
JAMES S. MOODY, JR.,
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
     Defendants