UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY SORIANO,

    Plaintiff,

v.                                                    Case No: 8:16-cv-1351-T-30AEP

C&N MANAGEMENT, INC. and
ACAPULCO MEXICAN GROCERY,
INC.,

    Defendants.

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Verified Application for Attorney's Fees, Litigation Expenses, and Costs (Doc. 25). Defendants C&N Management, Inc. and Acapulco Mexican Grocery, Inc. have failed to respond to Plaintiff's motion within the allowed timeframe. Upon review, the Court concludes Plaintiff's motion should be granted in part.

Plaintiff filed this action under Title III of the Americans with Disabilities Act ("ADA"). She sought injunctive relief because Defendants' store, Acapulco Mexican Grocery, failed to comply with the ADA's accessibility standards. On April 3, 2017, the Court entered a final default judgment against Defendants, requiring them to remediate their facility to remove the barriers to access.

The ADA provides that "in any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee,

including litigation expenses, and costs." 42 U.S.C. § 12205. Plaintiff is the prevailing party. As such, she now seeks an award of her attorney's fees, expert fees, and costs.

**I.     Reasonable Attorney's Fees**

Calculating an appropriate fee award under federal law involves a two-step process. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Id.* The court may then adjust the lodestar upward or downward based on an evaluation of additional factors. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating factors to be considered).[1]

The Eleventh Circuit has recognized that, "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. The

---

[1] The twelve factors to be considered in determining the reasonableness of attorney's fees are: (1) the time and labored required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked. *Hensley*, 461 U.S. at 433.

Plaintiff seeks an award of attorney's fees for the services provided by Todd W. Shulby in this case. In support of her request for fees, Plaintiff filed an affidavit by Mr. Shulby and an itemized log of the hours he billed in this case. According to Plaintiff's records, Mr. Shulby worked 11.4 hours at a rate of $350 per hour for a total of $3,990.

The Court finds that $350 is a reasonable hourly rate based on Mr. Shulby's experience and the current market rate in Tampa. Mr. Shulby has been practicing law since 1995. He has concentrated his practice on civil rights litigation since 1996 and reports that he has litigated thousands of ADA cases. As Plaintiff noted in her briefing, courts in this Circuit have approved hourly rates ranging from $325 to $420 in other Title III cases. Thus, the Court will award the hourly rate requested.

Likewise, the Court finds that the hours Mr. Shulby spent litigating this case were reasonable, with one exception. On December 6, 2016, the Court issued an Order to Show Cause ("OSC") because Plaintiff had not served Defendant C&N Management, Inc., despite the fact that the Court had provided Plaintiff two extensions of time in which to do so. Plaintiff did not request an additional extension, prompting the Court to issue the OSC. Mr. Shulby billed 0.5 hours in relation to the OSC—0.1 hours reviewing the OSC, 0.3 hours drafting a response, and 0.1 hours reviewing the Court's subsequent order. Plaintiff should not be awarded fees for this time, which would not have been necessary had Plaintiff complied with the Federal and Local Rules. Thus, the Court finds that only 10.9 of the 11.4 hours billed by Mr. Shulby were reasonable.

Mr. Shulby reasonably incurred $3,815 in attorney's fees (i.e., 10.9 hours at $350 per hour), and the Court will award Plaintiff fees in that amount. The Court sees no reason to adjust this figure upward or downward based on the facts of this case.

**II.     Expert Fees**

Plaintiff seeks compensation for the services of David Pedraza, an expert witness Plaintiff retained to evaluate Acapulco Mexican Grocery, the property believed to have barriers to access. Plaintiff seeks $2,800 in expert fees, encompassing 14 hours of work billed at a rate of $200 per hour. In support of her request for fees, Plaintiff filed an affidavit by Mr. Pedraza and an itemized log of the hours he billed. She also cited to a few cases in which courts in this District approved ADA experts' hourly rates of $150 and documents indicating that two ADA defense consultants in this Circuit charge an hourly rate of $200 to $300.

Although the Court can award expert fees as a litigation expense under the ADA, it will not award the full amount requested. For the reasons discussed herein, it will award Plaintiff only $825 in expert fees.

First, the requested hourly rate of $200 is high. Plaintiff has not satisfactorily demonstrated why Mr. Pedraza should be compensated at this rate, particularly given the existing precedent in this District to award an hourly rate of $150 (which Plaintiff acknowledged in her motion). The Court will award an hourly rate of $150.

Second, the number of hours billed by Mr. Pedraza was unreasonable. Mr. Pedraza billed more time on this case than Mr. Shulby spent litigating it. In addition, he billed all of his time before Plaintiff initiated this action. While some kind of pre-suit investigation

of a plaintiff's claims may be necessary, the 14 hours spent here were excessive. There was no need for Plaintiff to retain an expert to research and draft a comprehensive investigative report with photographs before she knew whether there would be any dispute about the existence of ADA violations in this case. Or, at least, there is no reason Defendants should have to pay for such extensive services.

The Court will award fees for only 6.5 of the 14 hours billed, as described below:

- Travel: Mr. Pedraza billed 2.5 hours traveling from Fort Lauderdale to Tampa to visit Acapulco Mexican Grocery. Plaintiff made no showing that she could not retain an expert in or near Tampa. Accordingly, the Court will award only 1 hour for Mr. Pedraza's travel time.

- On-site verification of ADA violations: Mr. Pedraza billed 0.5 hours on this task; the Court will award the 0.5 hours.

- Online research of property information: Mr. Pedraza billed 1 hour on this task. However, Mr. Shulby also billed time for researching the property. (Doc. 25-1, pg. 2.) The Court will not double-bill Defendants for this research.

- "Depict[ing] violations": Mr. Pedraza billed 4 hours on this task; the Court will award the 4 hours.

- Preparation of investigative report: Mr. Pedraza billed 5 hours on this task. As discussed above, Plaintiff had no need to obtain this report prior to initiating her litigation. The Court will not award fees for this time.

5

- "Review of complete file to sen[d] to attorney": Mr. Pedraza billed 1 hour on this task. The Court will award fees for this time, but only at an hourly rate of $75. A reduced rate is appropriate given that this task did not require any expertise and was essentially administrative.

**III.     Costs**

Plaintiff seeks $640.72 in litigation costs. She submitted records indicating that she incurred the following costs: (1) $26.97 to FedEx her summons and complaint to the courthouse for filing, (2) $400 for the filing fee, (3) $55 to serve Defendant Acapulco Mexican Grocery, Inc., and (4) $158.75 to serve Defendant C&N Management, Inc.

The Court can award litigation costs pursuant to the ADA as "determined by the necessities of the case." *See Dowdell v. City of Apopka*, 698 F.2d 1181, 1188 (11th Cir. 1983) (analyzing an analogous federal fee-shifting provision). Plaintiff's filing and service fees were reasonably incurred in litigating this case. The $26.97 spent to FedEx the pleadings to the courthouse for filing was not, given that Plaintiff could easily have filed these documents electronically. Accordingly, the Court will award Plaintiff only $614.05 of the costs requested.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Verified Application for Attorney's Fees, Litigation Expenses, and Costs (Dkt. 25) is granted to the extent described herein. Plaintiff is entitled to recover $3,815 in attorney's fees, $825 in expert fees, and $614.05 in costs.

2. The Clerk is directed to enter judgment in favor of Plaintiff against Defendants C&N Management, Inc. and Acapulco Mexican Grocery, Inc. in the amount of $5,254.05.

**DONE** and **ORDERED** in Tampa, Florida on May 19th, 2017.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record